**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES TRINKA,<br><br>*Plaintiff*,<br><br>v.<br><br>DENIS McDONOUGH,<br>Secretary of Veterans Affairs *et al.*<br><br>*Defendants*. | Civil Action No. 21-2904 (RC) |

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, Denis McDonough, Secretary of Veterans Affairs, and the United Stated Department of Veterans Affairs ("VA"), by and through undersigned counsel, hereby respond to the separately numbered paragraphs and prayer for relief contained in Plaintiff's Complaint ("Complaint"). All allegations not specifically admitted are denied. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendants respond to the separately numbered paragraphs as follows:

**NATURE OF THE ACTION**

This paragraph consists of Plaintiff's characterization of this lawsuit, the relief being sought, and Plaintiff's employment by the VA and its involuntary end, to which no response is required. To the extent a response is required, Defendants admit that Plaintiff served in the Senior Executive Service at the Department of Veterans Affairs from January

15, 2012 to October 2, 2020, and that, after the VA gave Plaintiff notice and an opportunity to respond to allegations of misconduct, Defendants terminated Plaintiff's employment in October 2020 based on a false statement to federal investigators about statements Plaintiff had made to his supervisors about his wife's immigration status, and deny the remaining allegations.

## JURISDICTION AND VENUE

1. This paragraph contains Plaintiff's conclusions of law to which no response is required.

2. This paragraph contains Plaintiff's conclusions of law to which no response is required.

3. This paragraph contains Plaintiff's characterization of this lawsuit to which no response is required.

4. This paragraph contains Plaintiff's characterization of the relief that he seeks to which no response is required.

5. This paragraph contains Plaintiff's conclusions of law to which no response is required.

## PARTIES

6. Defendants admit the allegations contained in this paragraph.

7. Defendants admit the allegations contained in this paragraph.

8. Defendants admit the allegations contained in this paragraph.

## LEGAL FRAMEWORK

### I. The Senior Executive Service and the Civil Service Reform Act

9. This paragraph contains Plaintiff's conclusions of law to which no response is required.

10. This paragraph contains Plaintiff's conclusions of law to which no response is required.

11. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants admit that Plaintiff was appointed via Title 5 of the U.S. Code.

12. Defendants admit that Plaintiff was appointed to the Senior Executive Service in 2012. The remaining allegations in this paragraph are conclusions of law to which no response is required.

13. This paragraph contains Plaintiff's conclusions of law to which no response is required.

14. This paragraph contains Plaintiff's conclusions of law to which no response is required.

15. This paragraph contains Plaintiff's conclusions of law to which no response is required.

16. This paragraph contains Plaintiff's conclusions of law to which no response is required.

17. This paragraph contains Plaintiff's conclusions of law to which no response is required.

18. This paragraph contains Plaintiff's conclusions of law to which no response is required.

## II. The 2014 Act

19. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Congress enacted the Veterans Access, Choice, and Accountability Act on August 7, 2014.

20. This paragraph contains Plaintiff's conclusions of law to which no response is required.

21. This paragraph contains Plaintiff's conclusions of law to which no response is required.

22. Defendants admit that on May 31, 2016, the Attorney General notified Congress pursuant to 28 U.S.C. § 530D that the Department of Justice had declined to defend 38 U.S.C. §713(e)(2)'s constitutionality. The remainder of this paragraph contains Plaintiff's conclusions of law to which no response is required.

**III. The 2017 Act**

23. This paragraph contains no allegations of fact concerning Defendants, and thus requires no response. To the extent a response is required, Defendants admit the allegations contained in this paragraph.

24. This paragraph contains Plaintiff's conclusions of law to which no response is required.

25. This paragraph contains Plaintiff's conclusions of law to which no response is required.

26. This paragraph contains Plaintiff's conclusions of law to which no response is required.

27. This paragraph contains Plaintiff's conclusions of law to which no response is required.

28. This paragraph contains Plaintiff's conclusions of law to which no response is required.

29. This paragraph contains Plaintiff's conclusions of law to which no response is required.

30. This paragraph contains Plaintiff's conclusions of law to which no response is required.

31. This paragraph contains Plaintiff's conclusions of law to which no response is required.

**A. DVA Senior Executive Removal Procedures Under the 2017 Act**

32. This paragraph contains Plaintiff's conclusions of law to which no response is required.

33. Defendants admit the allegations contained in this paragraph.

34. This paragraph contains Plaintiff's characterization of Corporate Senior Executive Management Office ("CSEMO") Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

35. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

36. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

37. This paragraph contains Plaintiff's conclusions of law to which no response is required.

38. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

39. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

40. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

41. This paragraph is a characterization of CSEMO Letter 006-17-1, and Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

42. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

43. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

44. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

45. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

46. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

47. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

48. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

49. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

50. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

51. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 and conclusions of law to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

52. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

53. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

54. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

55. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

56. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

57. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

58. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

59. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

**B. OAWP and DVA's Deficient Implementation of the 2017 Act**

60. Defendants admit the allegations contained in this paragraph.

61. Defendants admit the allegations contained in this paragraph.

62. This paragraph contains Plaintiff's characterization of the 2019 Office of Inspector General ("OIG") Report to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

63. This paragraph contains Plaintiff's characterization of the 2019 OIG Report to which no response is required. Defendants respectfully refer the Court to that document

for a complete and accurate statement of its contents.

64. This paragraph contains Plaintiff's characterization of the 2019 OIG Report to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

65. This paragraph contains Plaintiff's characterization of the 2019 OIG Report to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

66. This paragraph contains Plaintiff's characterization of the 2019 OIG Report to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

67. This paragraph contains Plaintiff's characterization of the 2019 OIG Report to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

68. This paragraph contains Plaintiff's characterization of the 2019 OIG Report to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

69. This paragraph contains Plaintiff's characterization of the 2019 OIG Report to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

70. This paragraph contains Plaintiff's characterization of the 2019 OIG Report to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

71. This paragraph contains allegations Plaintiff's characterization of the 2019 OIG Report to which no response is required. Defendants respectfully refer the Court to

that document for a complete and accurate statement of its contents.

## FACTUAL ALLEGATIONS

### I. James Trinka's Career and Personal Background

#### A. Trinka's Career

72. This paragraph contains Plaintiff's characterization of his career and service to which no response is required.

73. Defendants admit Plaintiff entered the U.S. Air Force on May 31, 1978, and lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

74. Defendants admit that Plaintiff served as a fighter pilot in the Air Force, and lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

75. Defendants admit that Plaintiff received an Air Force Commendation Medal, Meritorious Service Medal and Air Medal, and lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

76. Defendants admit the allegations contained in this paragraph.

77. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

78. Defendants admit that Plaintiff began his civil service career as a Senior Executive in June 2001, and lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

79. The first sentence of this paragraph contains Plaintiff's characterization of the nature of his career progression to which no response is required. Defendants admit the remaining allegations.

80. Defendants admit the allegations contained in this paragraph.

81. Defendants admit the allegations contained in this paragraph.

82. Defendants admit the allegations contained in this paragraph except as to the date of Plaintiff's position change, which Plaintiff's electronic personnel folder documents as having occurred in February 2018, and his characterization that the position change was a promotion, which Defendants deny.

83. Defendants admit the allegations contained in this paragraph.

84. This paragraph contains Plaintiff's characterization of his career and service to which no response is required. To the extent a response is required, Defendants deny these allegations.

85. Defendants admit the allegations contained in this paragraph.

86. Defendants admit the allegations contained in this paragraph, except as to Plaintiff's allegation that this pay increase was made pursuant to 5 U.S.C. § 534.404(B)(3), which is a conclusion of law to which no response is required.

87. Defendants admit that they have no record of an adverse action or unsatisfactory performance appraisal for Plaintiff, but lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**B. Trinka's Personal Background**

88. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

89. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

90. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## II. Trinka's Prior Disclosures of His Wife's Immigration Status

### A. Trinka Uses Mrs. Trinka's Tax Identification Number on Insurance Forms

91. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

92. Defendants admit that the benefits forms did not specifically request immigration status. The remainder of the allegations contained in this paragraph are Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to their truth.

93. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### B. Trinka's Disclosure of Mrs. Trinka's Citizenship During an OPM Suitability Investigation

94. This paragraph contains Plaintiff's conclusions of law to which no response is required.

95. Defendants admit the allegations contained in this paragraph.

96. Defendants admit that Plaintiff listed his spouse's birthplace as Chang Rai, Thailand, but Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's spouse's place of birth. Defendants further admit that Plaintiff inaccurately indicated her citizenship as "United States," and deny the remainder of the allegations in this paragraph, which include Plaintiff's characterizations of Plaintiff's answers on pages 13 and 14 of the questionnaire and his state of mind.

97. Defendants admit the allegations contained in this paragraph.

98. Defendants admit the allegations contained in this paragraph except that they aver that Plaintiff stated he mistakenly omitted two degrees, not "several."

99. Defendants admit the allegations contained in this paragraph.

## III. VA OIG's Investigation of Trinka

### A. OIG's Initial Investigation

100. Defendants admit the allegations contained in this paragraph but aver that OIG conducted this investigation jointly with the Department of Homeland Security, Homeland Security Investigation ("HIS").

101. Defendants admit the allegations contained in this paragraph but aver a special agent from HSI was also present.

102. Defendants admit the allegations contained in this paragraph.

### B. Trinka's December 2018 Interview With OIG

103. Defendants admit the allegations contained in this paragraph.

104. Defendants deny that the interview was compelled and admit the remaining allegations contained in this paragraph.

105. Defendants deny that the interview was compelled and admit the remaining allegations contained in this paragraph.

106. Defendants admit the allegations contained in this paragraph.

107. Defendants deny the allegations in this paragraph.

108. Defendants admit the allegations contained in this paragraph.

109. This paragraph contains Plaintiff's characterization of the Memorandum of Interview to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

110. This paragraph contains Plaintiff's characterization of the Memorandum of Interview to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

111. Defendants admit that OIG prepared the Comprehensive Report of Investigation, dated June 24, 2019. The remainder of the allegations in this paragraph contain Plaintiff's characterization of the Comprehensive Report of Investigation to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

112. Defendants admit the allegations contained in the first sentence of this paragraph and deny the allegations in the second sentence of this paragraph.

113. Defendants admit that OIG prepared a Memorandum of Interview after each interview. The remainder of the allegations in this paragraph contain Plaintiff's characterization of these Memoranda of Interview to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of their contents.

114. Defendants admit that OIG prepared a Memorandum of Interview after Oswalt's interview. The remainder of the allegations in this paragraph contain Plaintiff's characterization of this Memorandum of Interview to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

115. Defendants admit the allegations contained in this paragraph.

116. Defendants admit that the Memorandum of Interview was transmitted and deny that a recording or transcript was transmitted.

## IV. Defendants Remove Trinka From Federal Service

### A. OAWP Recommends Trinka's Termination Without Additional Investigation

117. Defendants deny that the Office of Accountability and Whistleblower Protection ("OAWP") obtained the recording of Trinka's December 2018 interview with

OIG and deny that a transcript was made. Defendants admit that OAWP obtained the entire OIG file with the exception of the recording of Plaintiff's interview and a recording of Plaintiff's wife's interview. Defendants lack knowledge or information sufficient to form a belief as to the exact date when OAWP received OIG's file, but admit that it occurred in January 2020.

118. Defendants admit that OAWP reviewed the report of investigation and the materials received from OIG and deny that OAWP reviewed OIG's entire investigative file.

119. Defendants admit the allegations contained in this paragraph.

120. The first sentence of this paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents. Defendants admit that OAWP did not contact Trinka.

121. Defendants admit the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second sentence of this paragraph, as Plaintiff had the opportunity to respond during the OIG investigation, and OAWP did not re-investigate the matter. Defendants admit the allegations in the third sentence of this paragraph.

122. Defendants deny the allegations contained in this paragraph.

123. Defendants admit the allegations contained in this paragraph except as to the term "mistaken," which they deny.

124. Defendants admit the allegations contained in this paragraph.

125. The first sentence of this paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents. Defendants admit the allegations contained in the second sentence of this paragraph except as to the

word "nonetheless."

126. Defendants admit the allegations contained in this paragraph.

127. Defendants admit the allegations contained in this paragraph.

128. Defendants admit the allegations contained in this paragraph.

129. Defendants admit the allegations contained in this paragraph.

130. Defendants admit that the recording was not supplied to the proposing official, deny that OAWP transmitted the file to Cussatt, as he did not serve as the proposing official, deny that OAWP "withheld" the recording, and deny that a transcript existed.

131. Defendants admit that the proposing official was supplied with the memoranda and not supplied with transcripts and deny that the interviews were transcribed or that OAWP possessed any transcripts.

132. Defendants deny the allegations contained in this paragraph.

133. Defendants admit the allegations contained in first sentence of this paragraph and deny the allegations contained in second sentence.

**B. Defendants Propose Trinka's Removal From Federal Service Based on OAWP's Incomplete Evidence File and Pre-2017 Conduct**

134. Defendants admit the allegations contained in this paragraph except as to Plaintiff's characterization of the evidence file as "culled," which Defendants deny.

135. Defendants admit the allegations contained in this paragraph.

136. Defendants admit the allegations contained in this paragraph.

137. Defendants admit the allegations contained in this paragraph.

138. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny these allegations.

139. Defendants admit that Cunningham did not review or consider any transcript or recordings and relied on summaries and deny that OAWP omitted any recordings or transcripts, as it did not possess any. Plaintiff's characterization of the summaries as after-the-fact hearsay is a conclusion of law to which no response is required.

140. This paragraph contains Plaintiff's characterization of the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents. Plaintiff's allegation that the transcripts or recordings are "the only direct, non-hearsay evidence of the specified charge" is a legal conclusion which no response is required.

141. This paragraph contains Plaintiff's characterization of the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

142. This paragraph contains Plaintiff's characterization of the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

143. This paragraph contains Plaintiff's characterization of the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

144. Defendants admit that Cunningham proposed removing Plaintiff from federal service and deny the remainder of the allegations in this paragraph.

**C. Trinka's Reply Challenges the Proposed Removal**

145. Defendants admit the allegations contained in this paragraph.

146. Defendants admit the allegations contained in this paragraph.

147. Defendants admit that 5 of 18 exhibits, including the transcript of the November 2015 interview, pre-dated the 2017 Act and deny Plaintiff's characterization that the "vast majority" of the evidence file was documentation created prior to the 2017 Act.

148. Defendants admit the allegations contained in this paragraph.

149. The second sentence of this paragraph contains Plaintiff's characterization of the gap in time between Plaintiff's interview and the proposed removal to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

150. Defendants admit the allegations contained in the first sentence of this paragraph. The second sentence contains Plaintiff's characterization of the April 2019 Memorandum to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

151. Defendants admit the allegations contained in this paragraph except as to Plaintiff's characterization of the OIG memoranda, which requires no response. Defendant respectfully refers the Court to these documents for a complete and accurate statement of their contents.

152. This paragraph contains Plaintiff's characterization of the interview summaries to which no response is required. Defendants respectfully refer the Court to these documents for a complete and accurate statement of their contents. Defendants deny that Plaintiff told Oswalt about his wife's immigration status prior to OIG's attempt to interview him, because Plaintiff told Oswalt about his wife's immigration status while Plaintiff was walking over to the interview knowing that he was about to be interviewed.

153. Defendants admit the allegations contained in this paragraph but aver that the request for an extension was made by Plaintiff's counsel.

154. Defendants admit the allegations contained in this paragraph except as to the phrase "under 38 U.S.C. § 713," which is a legal conclusion that requires no response.

155. This paragraph contains Plaintiff's characterization of his written reply to the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

156. This paragraph contains Plaintiff's characterization of his written reply to the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

157. This paragraph contains Plaintiff's characterization of his written reply to the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

158. This paragraph contains Plaintiff's characterization of his written reply to the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

159. This paragraph contains Plaintiff's characterization of his written reply to the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

160. This paragraph contains Plaintiff's characterization of his written reply to the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

161. This paragraph contains Plaintiff's characterization of his written reply to the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

162. This paragraph contains Plaintiff's characterization of his written reply to

the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

163. This paragraph contains Plaintiff's characterization of his written reply to the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

164. This paragraph contains Plaintiff's characterization of his written reply to the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

165. This paragraph contains Plaintiff's characterization of his written reply to the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

166. This paragraph contains Plaintiff's characterization of his written reply to the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

167. This paragraph contains Plaintiff's characterization of his written reply to the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

168. This paragraph contains Plaintiff's characterization of his written reply to the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

169. This paragraph contains Plaintiff's characterization of his written reply to the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

170. Defendants admit the allegations contained in the second sentence of this

paragraph. The remainder of the allegations in this paragraph contain Plaintiff's characterization of his written reply to the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

171. Defendants admit the allegations contained in this paragraph.

172. This paragraph contains Plaintiff's characterization of his written reply to the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

173. Defendants deny this allegation and aver that the referenced presentation stated "MSPB case law will likely still apply" regarding nexus requirements and referenced 38 U.S.C § 714 rather than § 713.

174. This paragraph contains Plaintiff's characterization of his proposed termination and his written reply to the proposed termination to which no response is required. Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

175. Defendants deny the allegations contained this paragraph and incorporate their responses to paragraphs 92 and 93.

176. Defendants deny the allegations contained in the first sentence of this paragraph and lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences. The final sentence of this paragraph contains Plaintiff's conclusions of law to which no response is required.

177. This paragraph contains Plaintiff's characterization of his written reply to the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

**D. DVA Decides To Remove Trinka Without Further Investigation or Process**

178. Defendants admit the allegations contained in this paragraph.

179. This paragraph contains Plaintiff's characterization of the document memorializing the decision to remove Trinka, to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

180. This paragraph contains Plaintiff's characterization of the document memorializing the decision to remove Trinka, to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendant avers that the referenced statement was not incorrect.

181. This paragraph contains Plaintiff's characterization of the document memorializing the decision to remove Trinka, to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendant avers that the decision did not discuss whether OAWP provided a reason for not including the transcript or recording.

182. This paragraph contains Plaintiff's characterization of the document memorializing the decision to remove Trinka, to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

183. This paragraph contains Plaintiff's characterization of the document memorializing the decision to remove Trinka, to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants aver that the decision also noted that Trinka was entitled to an explanation of the employer's evidence.

184. This paragraph contains Plaintiff's characterization of the document memorializing the decision to remove Trinka, to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

185. This paragraph contains Plaintiff's characterization of the document memorializing the decision to remove Trinka, to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

186. This paragraph contains Plaintiff's characterization of the document memorializing the decision to remove Trinka, to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents. To the extent a response is required, Defendants deny that the referenced statement is contrary to VA's position.

187. This paragraph contains Plaintiff's characterization of the document memorializing the decision to remove Trinka, to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

188. This paragraph contains Plaintiff's characterization of the document memorializing the decision to remove Trinka, to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

189. Defendants admit the allegations contained in this paragraph.

**E. Trinka Grieves the Decision**

190. Defendants admit that Plaintiff grieved the decision and demanded a post-

termination hearing; Defendants further aver that the grievance is the best evidence of its contents. The remainder of the allegations in this paragraph contain Plaintiff's conclusions of law to which no response is required.

191. Defendants admit that Plaintiff made the referenced argument in his grievance, which is the best evidence of its contents, and which itself amounts to conclusions of law that require no response.

192. Defendants admit that Plaintiff made the referenced argument in his grievance, which is the best evidence of its contents, and which itself amounts to conclusions of law that require no response.

193. Defendants admit that Plaintiff made the referenced argument in his grievance, which is the best evidence of its contents and which itself amounts to conclusions of law that require no response.

194. Defendants admit that Plaintiff made the referenced argument in his grievance, which is the best evidence of its contents, and which itself amounts to conclusions of law that require no response.

195. Defendants admit that Plaintiff made the referenced argument in his grievance, which is the best evidence of its contents, and which itself amounts to conclusions of law that require no response.

196. Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff has heard a recording of his December 2018 VA OIG interview. Defendants admit that Plaintiff has not seen a transcript of his December 2018 VA OIG interview or his supervisors' interviews, or heard a recording of his supervisors' interviews, because such transcripts and recordings do not exist.

**F. The Secretary Denies Trinka's Grievance Based on an Undisclosed**

**Recommendation by the Grievance Official**

197. Defendants admit the allegations contained in this paragraph.

198. Defendants admit the allegations contained in this paragraph.

199. Defendants admit the allegations contained in this paragraph.

200. This paragraph contains Plaintiff's characterization of the document memorializing the denial of Plaintiff's grievance, to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

201. Defendants deny the allegations contained in this paragraph.

202. Defendants deny that OAWP and/or OIG purposefully withheld the OIG transcript from the Secretary. The remaining allegations in this paragraph contains Plaintiff's characterization of the document memorializing the denial of Trinka's grievance, to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

203. This paragraph contains Plaintiff's characterization of the document memorializing the denial of Trinka's grievance, to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

204. This paragraph contains Plaintiff's characterization of the document memorializing the denial of Trinka's grievance and conclusions of law to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

205. This paragraph contains Plaintiff's characterization of the document memorializing the denial of Trinka's grievance, to which no response is required.

Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

206. This paragraph contains Plaintiff's characterization of the document memorializing the denial of Trinka's grievance, to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

207. This paragraph contains Plaintiff's conclusions of law to which no response is required.

## CLAIMS FOR RELIEF

### Count I – Deprivation of Property Without Due Process in Violation of the Fifth Amendment Due Process Clause

208. Defendants re-allege and incorporate their responses to all the proceeding paragraphs.

209. This paragraph contains Plaintiff's conclusions of law to which no response is required.

210. This paragraph contains Plaintiff's conclusions of law to which no response is required.

#### *Trinka Had a Property Interest in Continued Employment*

211. This paragraph contains Plaintiff's conclusions of law to which no response is required.

212. This paragraph contains Plaintiff's conclusions of law to which no response is required.

213. This paragraph contains Plaintiff's conclusions of law to which no response is required.

214. This paragraph contains Plaintiff's conclusions of law to which no response

is required.

215. This paragraph contains Plaintiff's conclusions of law to which no response is required.

***Defendants Denied Trinka Access To the Evidence Against Him***

216. This paragraph contains Plaintiff's conclusions of law to which no response is required.

217. This paragraph contains Plaintiff's conclusions of law to which no response is required.

218. This paragraph contains Plaintiff's conclusions of law to which no response is required.

219. Defendants admit the allegations contained in this paragraph.

220. Defendants admit the allegations contained in this paragraph except as to Plaintiff's use of the term "primarily," which is a characterization to which no response is required.

221. This paragraph contains Plaintiff's characterization of the summary of interview to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

222. This paragraph contains Plaintiff's conclusions of law to which no response is required.

223. Defendants denies the allegations contained in this paragraph.

224. Defendants admit that VA OIG possessed a recording of Plaintiff's interview. Defendants deny that they possessed a transcript of Plaintiff's interview. Plaintiff's allegation that producing the transcripts or recordings would not have been burdensome is a characterization that requires no response.

225. Defendants deny that Trinka's supervisors' interviews were transcribed or recorded. The remaining allegations in this paragraph contain Plaintiff's conclusions of law and characterizations of the burdensomeness of producing transcripts or recordings to which no response is required.

226. This paragraph contains Plaintiff's conclusions of law to which no response is required.

227. This paragraph contains Plaintiff's conclusions of law to which no response is required.

228. This paragraph contains Plaintiff's conclusions of law to which no response is required.

229. Defendants admit that the proposing official, deciding official, grievance official, and the Secretary each relied on the OIG's summary of Plaintiff's interview as evidence and did not review a transcript or recording of Plaintiff's interview and deny the remaining allegations in this paragraph.

230. Defendants deny the allegations contained in this paragraph.

231. Defendants deny the allegations contained in this paragraph.

***Defendants Denied Trinka an Evidentiary Hearing***

232. This paragraph contains Plaintiff's conclusions of law to which no response is required.

233. This paragraph contains Plaintiff's conclusions of law to which no response is required.

234. This paragraph contains Plaintiff's conclusions of law to which no response is required.

235. This paragraph contains Plaintiff's conclusions of law to which no response

is required. To the extent a response is required, Defendants admit the allegations contained in this paragraph.

236. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants admit the allegations contained in this paragraph.

237. This paragraph contains Plaintiff's conclusions of law and characterization of the significance of Defendants' actions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

***DVA's Removal Process Did Not Otherwise Provide a Meaningful Opportunity To Be Heard***

238. This paragraph contains Plaintiff's conclusions of law to which no response is required.

239. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

240. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

241. Defendants admit that Plaintiff was not given access to the OAWP investigation file and deny that Plaintiff did not know the full scope of evidence because he was provided all evidence that the deciding official considered.

242. Defendants deny the allegations contained in this paragraph, and aver that nothing precluded Plaintiff from contacting witnesses himself.

243. Defendants admit that they denied Plaintiff's extension request. The remainder of the allegations in this paragraph contains Plaintiff's conclusions of law to

which no response is required.

***Defendants Improperly Relied on Ex Parte Communications***

244. This paragraph contains Plaintiff's conclusions of law to which no response is required.

245. Defendants admit the allegations contained in this paragraph.

246. Defendants admit the allegations contained in this paragraph.

247. Defendants admit the allegations contained in this paragraph.

248. Defendants admit the allegations contained in this paragraph.

249. This paragraph contains Plaintiff's speculation and conclusions of law to which no response is required, and Defendants aver that the recommendation is the best evidence of its contents.

250. This paragraph contains Plaintiff's conclusions of law to which no response is required.

251. This paragraph contains Plaintiff's conclusions of law to which no response is required.

***Defendants Applied an Unconstitutional Evidentiary Standard***

252. This paragraph contains Plaintiff's conclusions of law to which no response is required.

253. This paragraph contains Plaintiff's conclusions of law to which no response is required.

254. This paragraph contains Plaintiff's conclusions of law to which no response is required.

255. Defendants deny the allegations contained in this paragraph.

256. This paragraph contains Plaintiff's conclusions of law to which no response

is required.

257. This paragraph contains Plaintiff's conclusions of law to which no response is required.

***Defendants' Retroactive Application of the Statute Violated Trinka's Due Process Rights***

258. This paragraph contains Plaintiff's conclusions of law to which no response is required.

259. Defendants deny the allegations contained in this paragraph and aver that the only conduct that served as a basis for misconduct charges occurred in December 2018.

260. Defendants deny the allegations contained in this paragraph and aver that the only conduct that served as a basis for misconduct charges occurred in December 2018.

261. This paragraph contains Plaintiff's conclusions of law to which no response is required.

262. This paragraph contains Plaintiff's conclusions of law to which no response is required.

**Count II – Defendants' Termination Action Was Not in Accordance with a Provision of Law and Was Obtained Without Procedures Required By Law Under 38 U.S.C. § 713(b)(6)**

263. Defendants re-allege and incorporate their responses to all the preceding paragraphs.

264. This paragraph contains Plaintiff's conclusions of law to which no response is required.

265. This paragraph contains Plaintiff's conclusions of law to which no response is required.

266. This paragraph contains Plaintiff's conclusions of law to which no response is required.

267. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

***Defendants' Decision Violated the Due Process Clause***

268. This paragraph contains Plaintiff's conclusions of law to which no response is required.

269. This paragraph contains Plaintiff's conclusions of law to which no response is required. Defendants incorporate by reference their responses to paragraphs 208-262.

***Defendants' Removal Procedures Violated § 713***

270. This paragraph contains Plaintiff's conclusions of law to which no response is required.

271. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

272. This paragraph contains Plaintiff's conclusions of law to which no response is required.

***Defendants Failed To Follow Their Own Procedures***

273. This paragraph contains Plaintiff's conclusions of law and characterization of VA policies and CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

274. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

275. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-

17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

276. This paragraph contains Plaintiff's conclusions of law to which no response is required.

277. This paragraph contains Plaintiff's conclusions of law to which no response is required.

278. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

279. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

280. This paragraph contains Plaintiff's characterization of CSEMO Letter 006-17-1 to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

281. Defendants admit the allegations contained in this paragraph and respectfully refer the Court to the recommendation which is the best evidence of its contents.

282. This paragraph contains Plaintiff's conclusions of law to which no response is required.

283. This paragraph contains Plaintiff's conclusions of law to which no response is required.

***Defendants Improperly Applied the 2017 Act Retroactively***

284. This paragraph contains Plaintiff's conclusions of law and characterization of the notice of proposed termination and the document memorializing the denial of

Trinka's grievance, to which no response is required. Defendants refer the Court to those documents for a complete and accurate statement of their contents. To the extent a response is required, Defendants admit to the extent that pre-2017 events were referenced in the notice of proposed termination and penalty analysis therein and the document memorializing the denial of Trinka's grievance.

285. This paragraph contains Plaintiff's conclusions of law to which no response is required.

286. This paragraph contains Plaintiff's conclusions of law and characterization of the notice of proposed termination and the document memorializing the denial of Trinka's grievance, to which no response is required. Defendants refer the Court to those documents for a complete and accurate statement of their contents. To the extent a response is required, Defendants admit to the extent these events were referenced in the notice of proposed termination and the document memorializing the denial of Trinka's grievance .

287. This paragraph contains Plaintiff's conclusions of law to which no response is required.

288. This paragraph contains Plaintiff's conclusions of law to which no response is required.

289. This paragraph contains Plaintiff's conclusions of law to which no response is required.

**Count III – Defendants' Termination Action Was Arbitrary, Capricious, and/or an Abuse of Discretion**

290. Defendants re-allege and incorporate their responses to all the preceding paragraphs.

291. This paragraph contains Plaintiff's conclusions of law to which no response is required.

292. This paragraph contains Plaintiff's conclusions of law to which no response is required.

293. This paragraph contains Plaintiff's conclusions of law to which no response is required.

294. This paragraph contains Plaintiff's conclusions of law to which no response is required.

295. This paragraph contains Plaintiff's conclusions of law and characterization of his written reply and grievance to which no response is required. Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

296. This paragraph contains Plaintiff's conclusions of law to which no response is required.

297. Defendants admit that Plaintiff grieved its decision to terminate him from federal service. Plaintiff's allegation that his grievance was timely is a conclusion of law to which no response is required.

298. Defendants admit the first sentence of this paragraph. The second sentence of this paragraph contains conclusions of law to which no response is required.

299. This paragraph contains Plaintiff's conclusions of law to which no response is required.

300. This paragraph contains Plaintiff's conclusions of law to which no response is required.

301. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny Plaintiff's characterization that they improperly "withheld" any evidence from any of the agency officials identified in this paragraph.

302. This paragraph contains Plaintiff's conclusions of law to which no response is required.

303. This paragraph contains Plaintiff's conclusions of law to which no response is required.

304. This paragraph contains Plaintiff's conclusions of law to which no response is required.

305. This paragraph contains Plaintiff's conclusions of law to which no response is required.

306. This paragraph contains Plaintiff's conclusions of law to which no response is required.

307. This paragraph contains Plaintiff's conclusions of law to which no response is required.

**Count IV – The Termination Action Was Not Supported By Substantial Evidence**

308. Defendants re-allege and incorporate their responses to all the preceding paragraphs.

309. This paragraph contains Plaintiff's conclusions of law to which no response is required.

310. This paragraph contains Plaintiff's characterization of the proposed termination to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendant avers that the proposed termination charged Plaintiff with "conduct unbecoming a supervisor" for providing a false or inaccurate statement to OIG.

311. Defendants admit the allegations contained in this paragraph.

312. Defendants admit the allegations contained in this paragraph except to the

extent that Plaintiff's use of the term "pointed out" connotes the correctness of Plaintiff's assertion.

313. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants admit the allegations contained in this paragraph.

314. This paragraph contains Plaintiff's conclusions of law to which no response is required.

315. Defendants admit the allegations contained in the first sentence of this paragraph, except to aver that a recording, not a transcript, was listed as an attachment. Defendants deny the allegations contained in the second sentence of this paragraph, and aver that on or around January 6, 2020, VA OIG referred the matter to OAWP and transmitted its Comprehensive Report of Investigation to OAWP, along with only the Memoranda of Interviews for Plaintiff, John Oswalt, Richard Chandler, and Martha Orr, and the transcript of Priyaporn Trinka's interview. Defendants deny the allegations contained in the final sentence of this paragraph.

316. Defendants deny that OAWP "excluded" the transcript and/or recorded statement from the evidence file and otherwise admit the allegations in this paragraph except as to Plaintiff's characterization of the summary as hearsay, which is a legal conclusion that requires no response.

317. Defendants deny "that none of those individuals made any attempt to obtain and review the evidence," and otherwise admit the allegations contained in this paragraph.

318. Defendants deny the allegations contained in this paragraph.

319. This paragraph contains Plaintiff's conclusions of law to which no response is required.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief, including subparagraphs (1) through (10), to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief for which Plaintiff prays or to any other relief as to the Defendants.

* * *

Defendant hereby denies each and every allegation in the Complaint not expressly admitted or qualified above.

## DEFENSES

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of the litigation.

### First Defense

Plaintiff's termination comported with the Due Process Clause of the Fifth Amendment.

### Second Defense

Plaintiff's termination was not arbitrary, capricious, unlawful or an abuse of discretion.

### Third Defense

Plaintiff's termination was supported by substantial evidence.

### Fourth Defense

Plaintiff's termination comported with 38 U.S.C. § 713(b)(6) and relevant agency procedures.

Dated: January 28, 2022

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: /s/ Bradley G. Silverman
BRADLEY G. SILVERMAN
Assistant United States Attorney
DC Bar #1531664
U.S. Attorney's Office
District of Columbia
Civil Division
555 4th St. NW
Washington, DC 20530
(202) 252-2575
bradley.silverman@usdoj.gov

*Counsel for Defendants*