UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES TRINKA,<br><br>Plaintiff,<br><br>v.<br><br>DENIS McDONOUGH,<br>Secretary of Veterans Affairs, et al.,<br><br>Defendants. | Civil Action No. 21-2904 (RC) |

PLAINTIFF'S RESPONSE TO DEFENDANTS' THIRD STATUS REPORT AND REQUEST TO SET ASIDE AGENCY ACTION

Defendants unlawfully and unconstitutionally terminated Plaintiff James Trinka's employment and removed him from the Senior Executive Service and federal civil service on October 2, 2020, without affording Mr. Trinka due process. ECF 24 at 10. Mr. Trinka sought judicial review of the removal action, and on September 21, 2023, this Court found that the removal "suffered from various deficiencies that deprived Plaintiff of procedural due process" prior to his termination. *Id.* at 15. The Court ordered "the matter is remanded to the agency for further consideration consistent with this Opinion, and that Defendants will file a status report with the Court 14 days after the agency renders a decision or within 90 days of this Opinion, whichever is earlier." *Id.* at 39. Five months and two days later, Defendants have done nothing to remedy the due process violations that rendered their prior action unlawful. During that time, Defendants filed three status reports, and gave this Court several assurances that another, seemingly entirely new, "action" is forthcoming. ECF 25 ("Defendants continue to evaluate their options to ensure that whatever personnel action they take comports with the legal principles that the Court articulated in its ruling, but have not finally settled on a course of action"), ECF 26 ("Defendants have drafted

a new agency action, and are in what they hope will be the final stages of reviewing the action for legal sufficiency), ECF 27 ("Defendants expect to issue a new agency action in short order, and are merely waiting for final delegations of authority before the action can be issued"). But there is no end in sight. Defendants have not vacated their prior action, have not returned what was impermissibly taken from Mr. Trinka (his property interest in continued employment), and have not provided Mr. Trinka any back pay to return him to the status quo ante. Defendants now ask this Court to permit this stalemate and order another status report to be filed by March 22, 2024. ECF 27. This Court previously denied Defendants' request to delay this matter until March 20, 2024. Minute Order (1/5/2024). It should do so again.

Given this current posture, Plaintiff asks this Court to reconsider its prior order to remand, and instead exercise its authority to "set aside" the unlawful and unconstitutional removal action. 38 U.S.C. § 713(b)(6). Only once Trinka is retroactively returned to duty following the Court exercising its "set aside" authority can Defendants propose a new action, given that their own authority for action only extends to their employees.

The only way to remedy multiple pre-decisional due process violations is to cancel the offending action, retroactively reinstate Plaintiff to the Senior Executive Service from the date of his prior termination with back pay, and provide Trinka with a new, constitutionally correct removal procedure. *See Stone v. F.D.I.C.*, 179 F.3d 1368, 1377 (Fed. Cir. 1999), *citing Ryder v. United States*, 585 F.2d 482, 488 (1978) ("W]here a serious procedural curtailment mars an adverse personnel action which deprives the employee of pay, the court has regularly taken the position that the defect divests the removal (or demotion) of legality, leaving the employee on the rolls of the employing agency and entitled to his pay until proper procedural steps are taken toward removing or disciplining him.") There is no lawful way for Defendants to take a new "action," or

to fire, someone who is not even employed by the VA. Mr. Trinka is not a current employee, and has not been a federal employee since his unlawful removal three years, four months and nineteen days ago. But that is apparently what Defendants now plan to do, attempting to evade any consequence for the unconstitutional termination action that is the subject of this litigation and take a personnel "action" against someone who is not even an employee covered by any relevant statutory authority. Rather than allow Defendants to avoid remedying their unlawful conduct and unnecessarily prolong this litigation, this Court should exercise its authority under 38 U.S.C. § 713(b)(6) and "set aside" the removal action that this Court already concluded was "obtained without procedures required by a provision of law having been followed."

Date: February 23, 2024

Respectfully submitted,

Christopher J. Keeven #993971
Debra L. Roth #422452
Conor D. Dirks #1022481
Shaw Bransford & Roth P.C.
1101 Connecticut Ave. NW, Suite 1000
Washington, DC 20036
Tel: 202-463-8400
Fax: 202-833-8082