UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES TRINKA,<br><br>Plaintiff,<br><br>v.<br><br>DENIS McDONOUGH,<br>Secretary of Veterans Affairs, et al.,<br><br>Defendants. | Civil Action No. 21-2904 (RC) |

**JOINT STATUS REPORT**

Pursuant to this Court's Minute Order (Mar. 18, 2024), Plaintiff James Trinka and Defendants Department of Veterans Affairs and Secretary Denis McDonough, by and through the undersigned counsel, respectfully file this Joint Status Report to propose further proceedings, after meeting and conferring on Friday, March 29, 2024.

**Plaintiff's Position**

The case and controversy between Trinka and Defendants has not changed since Trinka was unlawfully removed from the Senior Executive Service without due process in October 2020, and subsequently filed this suit in November 2021. ECF 1. The parties already filed motions for summary judgment and Trinka already prevailed on his dispositive claims. ECF 24. The only issue left to determine is the appropriate relief owed to Trinka. The parties already briefed this issue, too. ECF 28-29 (Plaintiff's Motion), ECF 31 (Defendants' Response), ECF 32 (Plaintiff's Reply). This Court should now rule on it. No amount of additional briefing can change controlling Supreme Court precedent. *Vitarelli v. Seaton,* 359 U.S. 535, 545-46 (1959) (rejecting the government's attempt to cure removal of federal employee without due process

years after-the-fact without reinstating the federal employee when the "sole purpose [of the amended action] was an attempt to moot petitioner's suit in the District Court").

There is no good reason to relitigate the merits. Defendants ask the Court to order a second round of motion for summary judgment briefing to allow Defendants to seek to introduce extra-record documents, that Defendants manufactured on remand in 2024.[1] The so-called "decision on the amended proposed removal letter" is not subject to the Complaint. It is not contained in the administrative record. Defendants claim the 2024 "amended" decision is both a new "action" and a "cure" for the 2020 removal action. It is neither. It is not an "action." 38 U.S.C. § 713 (the Secretary may only take an "action" against a "covered individual" after "advance notice"). It is, at most, *post hoc* rationalization and evidence that afforded Trinka no relief whatsoever. The only appropriate relief is to cancel the 2020 action and return Trinka to the *status quo ante*. ECF 32 at 3-6. Plaintiff and Defendants had several discussions after remand and prior to Defendants' filing their status reports. Plaintiff explained to Defendant the appropriate remedy for the due process violation and asked Defendants to include Plaintiff's position in their status report. They did not, and Plaintiff filed his request to set aside.

*If* it is an "action"—it's not—then Trinka, should he choose, may file suit to seek judicial review of the supposedly "new" 2024 action. Until he does so, this Court has no jurisdiction over the "decision on the amended proposed removal letter." The 2020 action, however, is subject to this Court's jurisdiction. After already granting summary judgment in favor of Trinka, this Court should determine the appropriate relief owed to Trinka to remedy Defendants' many due process violations.

[1] Defendants previously agreed that no discovery or extra-record documents were needed to adjudicate this case. ECF 12.

Because this Court already found the 2020 removal action was "not in accordance with a provision of law" and "obtained without procedures required by a provision of law having been followed," this Court should grant Plaintiff Trinka's request, ECF 28-29, and exercise its authority to "set aside" the 2020 removal action. 38 U.S.C. § 713(b)(6).

**Defendants' Position**

Defendants propose that this Court deny Trinka's pending motion to set aside agency action, ECF 29 (docketed at ECF No. 28), without prejudice, and direct the parties to file periodic status reports until the completion of all pending administrative proceedings regarding Trinka's removal, at which point they should propose a schedule for cross-motions for summary judgment. Trinka's pending motion offers a poor vehicle to address the remaining issues in this case: namely, whether the amended removal action that Defendants have now taken, and any decision on a grievance of that action that Trinka may pursue cures, any initial defects in his removal, rendering any such errors harmless. As noted above, Defendants have now taken an amended removal action. Trinka now has an opportunity to grieve that action, which is essentially a form of administrative appeal. *See* 38 U.S.C. § 713(b)(1)(C). Any grievance decision would be "final and conclusive." *Id.* § 713(b)(4). The grievance process takes less than twenty-one days, *see id.* § 713(b)(3), so it should not be long before there is a decision on any grievance that Trinka may pursue. Until there is a final decision on any grievance that Trinka may pursue, and/or the period for Trinka to file a grievance has passed, Trinka's removal is unripe for judicial review.

Trinka's pending motion offers a poor vehicle to address the remaining issues surrounding his removal. Initially, his filing was not intended to be docketed as a "motion" at all. Rather, Trinka submitted the filing on February 23, 2024, as a response to a Status Report that Defendants had filed a day earlier. *See* Pl.'s Resp. to Defs.' Status Rep., ECF No. 28. Although the filing contained

a request that this Court set aside Trinka's removal, he did not file it as a motion, and seemingly did not intend it to be a motion—a fact reflected in his failure to confer with Defendants beforehand or file a proposed order, both of which the Court's Local Rules require, *see* LCvRs 7(c), 7(m), and each of which would independently suffice to warrant denial without consideration of the merits. *See Mack v. Aspen of D.C., Inc.*, Civ. A. No. 15-1973 (RJL), 2018 WL 564558, at *7 n.10 (D.D.C. Jan. 24, 2018) ("Mack did not comply with Local Civil Rule 7(m)'s meet and confer requirement—a failure that warrants denial of her motion."); *English v. Wash. Metro. Area Transit Auth.*, 323 F.R.D. 1, 25 (D.D.C. 2017) ("This Court routinely denies non-dispositive motions for failure to comply with Rule 7(m)."); *Hayes v. District of Columbia*, 275 F.R.D. 343, 344 n.1 (D.D.C. 2011) ("The plaintiff did not attach any proposed order . . . which violates Local Civil Rule 7(c).").

Five days later, however, the case administrator for this case re-docketed Trinka's response to Defendants' Status Report as a separate motion, seemingly not at either this Court's or Trinka's request. *See* ECF Nos. 28, 29 ("(ztth)" docket notation).[2] Since then, two significant developments have occurred that greatly alter the legal landscape. First, Defendants issued an amended removal proposal. *See* Defs.' Status Rep. (Mar. 4, 2024), ECF No. 30. Second, Defendants have now taken an amended removal action, as well. Trinka's motion necessarily does not address either of these developments, as it predates them both. Further, the time period for Trinka to grieve the removal action had not closed, and in relatively short order, either there will be a decision on any grievance that Trinka may elect to file, or the time period for him to file a grievance will close without him having done so. The only issue that Trinka's motion raises is whether this Court should reconsider its prior decision to not vacate Trinka's removal based on the facts in existence on February 23,

[2] The undersigned contacted the Clerk's Office earlier today, which confirmed this account. Defendants understand why the case administrator took this action, and should not be construed to suggest that the case administrator acted in any way improperly.

2024. Trinka's motion thus presents a poor vehicle to address the significance of the developments that have occurred in this case since then. Any review would be limited to whether reconsideration of this Court's prior decision to not vacate Trinka's removal is warranted—not to whether Trinka's removal is lawful in light of all the developments that have occurred since he filed his motion.

In short, the pending filing is not one that Trinka even actually intended to file as a motion, or that this Court directed to be docketed as a separate motion. And it presents a poor vehicle to address the remaining issues surrounding Trinka's removal in light of the current legal landscape, which differs in significant ways from the status quo in existence back when Trinka filed it. As such, Defendants respectfully submit that the cleanest way to resolve the remaining issues in this case is to deny Trinka's motion without prejudice, and direct the parties to file periodic status reports until the grievance process is complete, at which point the parties should submit a proposed schedule to govern briefing on cross-motions for summary judgment.

Trinka's statement of position mischaracterizes this Court's Memorandum Opinion and Order. While Trinka asserts that "[t]he only issue left to determine is the appropriate relief owed to Trinka," *supra*, this Court already determined that the relief owed to Trinka is remand without vacatur. This Court did not overlook that Trinka had sought vacatur of his removal, but remanded without vacatur nonetheless. *See* ECF No. 31 at 3 (noting that Trinka consistently sought vacatur). His conclusory characterization of the amended removal proposal and amended removal action as "extra-record documents," meanwhile, begs the very question at issue—whether Defendants have lawfully removed Trinka and cured any defect in his original removal. If so, then the cited materials are not "extra-record documents," but part of the administrative record underlying the removal. In arguing that these materials are outside the administrative record, Trinka puts the cart before the horse. And whatever the answer to this question may be, this Court should resolve it only after

receiving full briefing on the merits, not merely the summary briefing contained in Trinka's motion and the response and reply thereto, plus the arguments presented in this JSR. Next, Trinka argues that the amended removal proposal and amended removal action do not fall within 38 U.S.C. § 713's scope. Defendants disagree, but more importantly, that is precisely the sort of question that this Court should address only after full briefing on the issue, which the parties have not presented.

Finally, Trinka's reliance on *Vitarelli v. Seaton,* 359 U.S. 535 (1959), is misplaced for at least four independent reasons. First, *Vitarelli* did not arise under the Administrative Procedure Act ("APA"), and thus did not implicate the APA's admonition that "due account shall be taken of the rule of prejudicial error." 5 U.S.C. § 706; *see also RadNet Mgmt. v. Nat'l Lab. Rels. Bd.*, 992 F.3d 1114, 1124 (D.C. Cir. 2021) ("In administrative law, . . . there is a harmless error rule.").

Second, *Vitarelli* did not purport to hold that agencies cannot revise procedurally-flawed removals as a general matter. There, the Supreme Court held only that the Secretary of the Interior's second removal of the petitioner could not be regarded as a new action, but must instead be regarded as an improper "revision" to the first removal. *Vitarelli*, 359 U.S. at 545. It did not explain why the Secretary of the Interior could not revise the first removal, but may have implicitly held that the Secretary lacked such authority. *Vitarelli* thus stands at most only for the idea that the Secretary of the Interior could not revise a procedurally-flawed removal under the authority available to him back in 1956. Accepting that premise, it plainly says nothing about whether Defendants can amend Trinka's removal pursuant to the authority available to them under 38 U.S.C. § 713, enacted in current form in 2017, over sixty years after the events of *Vitarelli*.

Third, *Vitarelli* did not involve the principle that "administrative agencies are assumed to possess at least some inherent authority to revisit their prior decisions." *Ivy Sports Med., LLC v. Burwell*, 767 F.3d 81, 86 (D.C. Cir. 2014). *Vitarelli* certainly did not consider whether the second

removal could be sustained on that basis, or, if not, explain why that principle did not apply. As such, *Vitarelli* does not address an agency's inherent authority to amend a prior removal decision. That most likely is because the Secretary of the Interior did not even attempt to defend the second removal on the ground that he had lawfully amended the first removal, but rather, attempted to defend the second removal only on the ground that it was an entirely new action, an argument that the Supreme Court rejected. *See id.* at 546 n.9 ("The premise upon which the dissenting opinion essentially rests—that the 1956 action was an attempt 'to discharge Vitarelli retroactively'—thus is contrary to the Secretary's own position as to the reason for that action.").

Fourth, and finally, *Vitarelli* differs sharply on the facts from the circumstances presented here. There, the new removal (1) had occurred in October 1956, but was dated September 21, 1954 and purported to remove the petitioner on September 10, 1954; (2) "was identical" to the original removal "except that it omitted any reference to the reason for petitioner's discharge and to the authority under which it was carried out;" and (3) "was evidently filed in the District Court before its delivery to petitioner." *Vitarelli*, 359 U.S. at 538, 545. None of those circumstances are present here. The amended removal action is dated March 21, 2024, is substantively different from the original removal action, and was delivered to Trinka and never filed in court. Whatever flaws may have tainted the second removal in *Vitarelli*, the amended removal action here does not share them.

Finally, although the Secretary offers these points to show that *Vitarelli* cannot support the weight that Trinka tries to put on it, it bears emphasis that this Court should not decide whether or not *Vitarelli* applies here based on the skimpy summary briefing that the parties have presented. Rather, the Court should resolve that question only after receiving full and fulsome briefing on the issue. The very dispute between the parties over whether *Vitarelli* applies only further illustrates why full briefing is warranted to resolve the remaining issues regarding Trinka's removal.

Dated: April 1, 2024

/s/ Christopher J. Keeven
Christopher J. Keeven #993971
Debra L. Roth #422452
Conor D. Dirks #1022481
Shaw Bransford & Roth P.C.
1101 Connecticut Ave. NW, Suite 1000
Washington, DC 20036
Tel: 202-463-8400
Fax: 202-833-8082

*Counsel for Plaintiff*

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/
BRADLEY G. SILVERMAN,
D.C. Bar #1531664
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 252-2575
bradley.silverman@usdoj.gov

*Attorneys for the United States of America*