UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES TRINKA,<br><br>Plaintiff,<br><br>v.<br><br>DENIS McDONOUGH,<br>Secretary of Veterans Affairs, et al.,<br><br>Defendants. | Civil Action No. 21-2904 (RC) |

**JOINT STATUS REPORT**

Pursuant to this Court's Order dated May 1, 2024, ECF 34, Plaintiff James Trinka and Defendants Department of Veterans Affairs and Secretary Denis McDonough, by and through the undersigned counsel, met on May 29, 2024, to discuss further case proceedings. The Parties now respectfully file this Joint Status Report with their respective proposals for further proceedings.

**Plaintiff's Position**

Trinka had a property interest in his continued Senior Executive Service (SES) employment, protected by the Due Process Clause of the Fifth Amendment. *Esparraguera v. Dep't of the Army*, __ F.4th __, 2024 WL2102617 (D.C. Cir. May 10, 2024). The Supreme Court has "described the root requirement of the Due Process Clause as being that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487, 1493 (1985) (internal quotations and citations omitted) (emphasis added). "Even where the facts are clear, the appropriateness or necessity of the discharge may not be; in such cases, the only meaningful opportunity to invoke the discretion of the decisionmaker is likely to be *before* the termination

takes effect." *Id* at 543 (emphasis added). Trinka was never afforded that meaningful opportunity *before* his termination in October 2020. ECF 24.

The unconstitutional 2020 removal—the action subject to judicial review—remains unchanged. The pre-deprivation constitutional violations too remain. Exploiting this Court's remand order, Defendants seek to paper over their constitutional violations with what they call a "new action," ECF 26 at 1, ECF 27 at 1, and "amended removal action."[1] ECF 33 at 3. Defendants' *post hoc* rationalization in a "new action" while Trinka was in a post-deprivation status is "no substitute for the pre-deprivation process to which [Trinka] was constitutionally entitled."[2] *Esparraguera*, 2024 WL2102617, *9.

Defendants now wish to add to the administrative record new evidence, documents and manufactured reasons provided to Trinka in 2024. The new reasons given by inferior officers in 2024, played no role whatsoever in the Secretary's decision to sustain Trinka's removal decision in 2020. ECF 24 at 12 ("on November 3, 2020, the Secretary sustained the penalty of removal"). Trinka objects. The supposed new or amended action is not subject to Trinka's suit. Defendants have no right to demand this Court review their own "action." 38 U.S.C. § 713(b)(5) and (6). Whatever reasons or evidence Defendants believe warranted Trinka's removal in 2020 must have been provided in advance. 38 U.S.C. § 713(b)(1). Any documents or reasons proffered for the first time in 2024, years after the removal action, is plainly outside the record—and outside this Court's review. 38 U.S.C. § 713(b)(6) ("the court shall review the record").

---

[1] Any "new action" would be subject to judicial review in a new, separate proceeding. 38 U.S.C. § 713(b)(5).

[2] "At some point, a delay in the post-termination hearing would become a constitutional violation." *Loudermill*, 470 U.S. at 547) *citing Barry v. Barchi*, 443 U.S. 55, 66, 99 S.Ct. 2642, 2650 (1979).

The Due Process Clause is not optional or only for whom the government believes deserving. ECF 31 at 5 (Defendants arguing they should not be required to "reinstate a dishonest individual" to provide Trinka meaningful pre-deprivation due process). When, as here, the government violates the Due Process Clause, the only cure is to undo the unconstitutional deprivation and start the process anew. ECF 32 at 4-6 (listing Court of Appeals opinions requiring the government to return public employees to a pre-deprivation *status quo ante* prior to a new constitutionally correct removal process). It is axiomatic that a failure to provide constitutionally correct pre-deprivation process cannot be remedied by post-deprivation rationalizations. To allow otherwise would render meaningless both the Due Process Clause and 38 U.S.C. § 713(b)(1).

This litigation should not be needlessly prolonged to the detriment of the parties (and the potential financial cost to the taxpayer).[3] *Vitarelli v. Seaton,* 359 U.S. 535, 545-46 (1959) (rejecting the government's attempt to cure public employment pre-deprivation due process violations without first reinstating the federal employee when the "sole purpose [of the amended action] was an attempt to moot petitioner's suit in the District Court"). The D.C. Circuit's opinion in *Esparraguera*, issued three weeks ago on May 10, 2024, crystallizes the necessary and appropriate remedy. This Court should hold Defendants accountable for violating the Constitution and "set aside" the unlawful 2020 removal action. 38 U.S.C. § 713(b)(6). Only after Trinka is returned to a pre-deprivation status may Defendants propose his removal once more.

If additional briefing is still necessary, Trinka proposes:

[3] *See* 5 U.S.C. 5596(b) (federal employees subject to unlawful personnel actions are entitled to back pay and attorney's fees).

- Friday, June 28, 2024 – Plaintiff file a motion to re-assert his prevailing arguments, ECF 15 and 21, and his request for this Court to "set aside" and to cancel the unconstitutional 2020 removal action, ECF 28 and 32.
- Friday, July 26, 2024 – Defendants will file their opposition to Plaintiff's motion and any cross-motion, including any request to admit extra-record evidence.
- Friday, August 23, 2024, Plaintiff will file a reply in support of his motion and opposition to Defendants' motion.
- Friday, September 6, 2024, Defendants file their reply in support of their motion.

If the Court adopts the Defendants' proposed course of events, Plaintiff asks the deadlines to be set sooner. Allowing more than 30 days to prepare and file a second certified list, and extending briefing until November 2024, seems excessive.

**Defendant's Position**

While the parties plainly disagree on the merits of Trinka's removal, the dispute that this JSR presents is more limited in scope—whether Defendants should file a certified list of contents of the administrative record prior to summary judgment briefing. The parties agree that summary judgment briefing will be necessary to resolve their merits dispute, and even on the basics of the what a briefing schedule should look like—Trinka will move first, then Defendants will cross-move, then Trinka will reply/cross-respond, and then Defendants will cross-reply, with each filing being roughly one month apart. Their only disagreement is that Defendants believe that the first filing should be a certified list of the contents of the administrative record underlying the amended removal decision. Defendants believe that a certified list is appropriate because the action under review is the lawfulness of the amended removal decision. Trinka believes that a certified list is inappropriate because the amended removal decision is unlawful and ultra vires. In Defendants'

view, this is a merits inquiry that the Court should resolve only after reviewing the parties' briefing and the contents of the administrative record. Filing a certified list is not a concession that the amended removal decision is lawful—it is simply an index of the documents that this Court may consider in adjudicating whether or not the amended removal decision is lawful. For these reasons, Defendants respectfully propose the following schedule to govern further proceedings:

| **Filing** | **Date** |
|---|---|
| Certified List of Contents of the Administrative Record | July 1, 2024 |
| Plaintiff's Motion for Summary Judgment | August 1, 2024 |
| Defendants' Cross-Motion and Response | September 3, 2024 |
| Plaintiff's Reply and Cross-Response | October 3, 2024 |
| Defendants' Cross-Reply | November 4, 2024 |

Dated: May 31, 2024

/s/ Christopher J. Keeven
Christopher J. Keeven #993971
Debra L. Roth #422452
Conor D. Dirks #1022481
Shaw Bransford & Roth P.C.
1101 Connecticut Ave. NW, Suite 1000
Washington, DC 20036
Tel: 202-463-8400
Fax: 202-833-8082

*Counsel for Plaintiff*

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/
BRADLEY G. SILVERMAN,
D.C. Bar #1531664
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 252-2575
bradley.silverman@usdoj.gov

*Attorneys for the United States of America*