UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES TRINKA,<br><br>Plaintiff,<br><br>v.<br><br>DENIS McDONOUGH,<br>Secretary of Veterans Affairs, et al.,<br><br>Defendants. | Civil Action No. 21-2904 (RC) |

**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE UNCONSTITUTIONAL & UNLAWFUL AGENCY ACTION**

# TABLE OF CONTENTS

**TABLE OF CONTENTS** .......... I

**TABLE OF AUTHORITIES** .......... II

INTRODUCTION .......... 1

I. The 2020 Removal Action Violated the Constitution & Law .......... 1

II. Justice Demands the October 2020 Action Be Set Aside .......... 3

III. Post Hoc "Amendments" Cannot Cure Constitutional Violations .......... 5

IV. Plaintiff Reasserts His Prior Arguments .......... 8

CONCLUSION .......... 10

**TABLE OF AUTHORITIES**

**CONSTITUTIONS**

U.S. Const. amend. V....................1

**CASES**

**Armstrong v. Manzo*,
380 U.S. 545 (1965)....................2, 3, 6

*Carmody v. Bd. of Trustees of Univ. of Illinois*,
747 F.3d 470 (7th Cir. 2014)....................6

**Cleveland Bd. of Educ. v. Loudermill*,
470 U.S. 532 (1985)....................2, 6, 6 n. 5

*Elgin v. Department of Treasury*,
567 U.S. 1, 16 (2012)....................5 n. 3

**Esparraguera v. Dep't of the Army*,
101 F.4th 28 (D.C. Cir. 2024)....................1, 2, 7

*Fuentes v. Shevin*,
407 U.S. 67 (1972)....................3

*Greene v. United States*,
376 U.S. 149 (1964)....................7

**Hamdi v. Rumsfeld*,
542 U.S. 507 (2004)....................3

*Helman v. Dep't of Veterans Affs.*,
856 F.3d 920 (Fed. Cir. 2017)....................8

**Johnson v. Dep't of Air Force*,
50 F.4th 110 (Fed. Cir. 2022)....................4

*Matthews v. Eldridge*,
424 U.S. 319 (1976)....................2

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*,
463 U.S. 29 (1983)....................8

*Propert v. District of Columbia*,
948 F.2d 1327 (D.C. Cir. 1991)....................2

*Rodriguez v. Dep't. of Veterans Affs.*,
8 F.4th 1290 (Fed. Cir. 2021)....................3 n. 2

**Stone v. Fed. Deposit Ins.Corp.*,
179 F.3d 1368 (Fed. Cir. 1999)....................4

*United States v. Arthrex*,
549 U.S. 1 (2021)....................8

*Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*,
435 U.S. 519 (1978)....................9

**Vitarelli v. Seaton,*
359 U.S. 535 (1959)....................7

*Ward v. U.S. Postal Serv.*,
634 F.3d 1274 (Fed. Cir. 2011)....................4

**Young v. Dep't of Hous. & Urb. Dev.*,
706 F.3d 1372 (Fed. Cir. 2013)....................4

**STATUTES**

5 U.S.C. § 706....................5

5 U.S.C. § 7701(c)(2)(A)....................5

38 U.S.C. §§ 713(a)(1)....................8

38 U.S.C. § 713(b)....................2

38 U.S.C. § 713(b)(1)....................7

38 U.S.C. § 713(b)(6)....................1, 5

38 U.S.C. § 713(d)....................8

"No person shall be…deprived of life, liberty, or property, without due process of law." U.S. Const., amend. V. Trinka was denied this fundamental constitutional right when Defendants terminated his employment almost four years ago in October 2020 without due process. *See* Order Granting in Part Pl's Mot. Summ. J., ECF No. 24. Defendants were afforded the opportunity on remand to remedy their many constitutional and statutory violations. They did not. Defendants manufactured in 2024 new paperwork dubiously called an "amended proposed removal," AR 763-770, and "amended decision," AR 994-1000, to try to moot this litigation. Defendants' new "amended" paperwork is not a Section 713 action subject to this Court's jurisdiction, did not remedy the unconstitutional removal action effectuated without due process in 2020, and did not alter the legal relationship between the parties in any way. A second motion for summary judgment is unwarranted. The facts have not changed since this Court found Defendants violated the Constitution and denied Trinka due process before his unlawful removal. The pre-deprivation due process violations have not been remedied. This Court should uphold the Constitution and "set aside" the Defendants' unlawful 2020 action.[1] 38 U.S.C. § 713(b)(6).

## I. THE 2020 REMOVAL ACTION VIOLATED THE CONSTITUTION & LAW.

Members of the Senior Executive Service, like Trinka before his unlawful termination in 2020, possess a constitutionally protected property interest in their continued SES employment. *Esparraguera v. Dep't of the Army*, 101 F.4th 28, 33 (D.C. Cir. 2024) (*citing Stone v. Fed. Deposit. Ins. Corp.*, 179 F.3d 1368, 1374 (Fed. Cir. 1999)). Because of this property interest, Trinka was owed "constitutionally adequate process in [his] removal." *Id.* at 39. The Due Process Clause requires constitutionally adequate notice and a genuine opportunity to respond *before* deprivation

[1] This Motion adopts and reincorporates the arguments in Trinka's prior request to set aside. ECF Nos. 28 and 32.

of the property interest occurs. *Propert v. District of Columbia*, 948 F.2d 1327, 1331-1332 (D.C. Cir. 1991) (*citing Gray Panthers v. Schweiker*, 652 F.2d 146, 165 (D.C. Cir. 1980)). Notice must include the reasons and evidence for the action, as well as the standard of proof and procedures to be applied. 38 U.S.C. § 713(b) too demands pre-deprivation notice and opportunity to respond, including "all evidence" in support of a proposed action.

Constitutionally adequate notice and a genuine opportunity to respond *before* the action is the "essence of due process," *Matthews v. Eldridge*, 424 U.S. 319, 348 (1976), "an essential principle of due process," *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985), and "a fundamental requirement." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (internal citation omitted). It must be afforded at a "meaningful time and in a meaningful manner." *Id.* "To have proper notice and a meaningful opportunity to respond, an employee must at least 'know the factual basis for the action.'" *Esparraguera*, 101 F.4th at 40 (*quoting Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 318 (D.C. Cir. 2014)). "[C]ertain substantive rights—including the property interest established by certain kinds of federal employment—cannot be deprived unless constitutionally adequate procedures are followed" and afforded "before termination." ECF No. 24 at 34 (internal citation omitted).

As this Court already determined, Defendants denied Trinka that opportunity. *See id.* The violations were many. *Id.* at 26 (a violation of due process to deny Trinka access to material evidence before he was removed); *id.* at 16, 29, 34 (Defendants obfuscated and applied "an unconstitutional evidentiary standard" to removal proceedings "such that [Trinka] did not have a meaningful opportunity to respond"); *id.* at 20-21 (relying on alleged conduct predating passage of Section 713 "violat[ed] [Trinka's] due process rights" and "stripped [him]of the civil service

protections to which he was entitled"). The unconstitutional and unlawful action must be "set aside."

## II. JUSTICE DEMANDS THE OCTOBER 2020 ACTION BE SET ASIDE

To remedy pre-deprivation constitutional violations like Trinka suffered, courts must set aside unlawful government action. The Supreme Court explained: "A fundamental requirement of due process is the opportunity to be heard ... The trial court could have fully accorded this right to the petitioner only by granting his motion to set aside the [action] and consider the case anew. Only that would have wiped the slate clean. Only that would have restored the petitioner to the position he would have occupied had due process of law been accorded to him in the first place." *Armstrong*, 380 U.S. at 552. Contrary to Defendants' wishes, the Fifth Amendment due process guarantee "does not depend upon the merits of a claimant's substantive assertions." *Hamdi v. Rumsfeld*, 542 U.S. 507, 530 (2004) (*quoting Carey v. Piphus*, 435 U.S. 247, 259 (1978)). Nor may notice and opportunity to respond be delayed until after the action has been taken. It must be afforded *before* the action "when the deprivation can still be prevented." *Fuentes v. Shevin*, 407 U.S. 67, 81 (1972). These "essential constitutional promises may not be eroded." *Hamdi*, 542 U.S. at 533. Allowing Defendants to "amend" the reasons for Trinka's removal, provide access to the evidence of his alleged conduct, and inform him of the appropriate standard of proof *years after* his removal would demolish the Fifth Amendment guarantee of pre-deprivation due process.

The only remedy for Defendants' unconstitutional taking is to cancel the unlawful action and then start the process anew. The Federal Circuit has followed this approach for constitutional violations since the passage of the Civil Service Reform Act and creation of the SES in 1978.[2] *See*

[2] This Court's prior decision to remand followed the Federal Circuit's decision in *Rodriguez v. Dep't. of Veterans Affs.*, 8 F.4th 1290, 1301 (Fed. Cir. 2021). ECF No. 24 at 39. But *Rodriguez* determined that applying the wrong standard of proof was a statutory violation. 8 F.4th 1296-1301.

*Johnson v. Dep't of Air Force*, 50 F.4th 110, 117 (Fed. Cir. 2022) (the proper remedy for a due process violation is cancellation of the termination and reinstatement to "place the employee as nearly as possible in the *status quo ante*") (internal quotation and citation omitted); *see also Ward v. U.S. Postal Serv.*, 634 F.3d 1274, 1278-79 (Fed. Cir. 2011) (when due process rights are violated, a federal employee is "automatically" entitled to a new removal proceeding and the harmless error test cannot be applied) (internal quotation and citation omitted). Cancelling the improper action is necessary because a violation of the Due Process Clause divests the action of legality, *even if* the agency would have terminated the employee absent the violation. *Stone*, 179 F.3d at 1377. In circumstances just like this one, the "merits of the adverse action are wholly disregarded." *Id.* (*quoting Ryder v. United States*, 585 F.2d 482, 488 (Ct.Cl. 1978)). Accordingly, the necessary remedy for a constitutional violation is to return the employee to the rolls of the employing agency and provide him full pay and benefits until he receives a constitutionally correct termination process. *See id.* If an agency still believes an employee should be removed *after* cancelling the prior unlawful action and reinstating the employee, the agency then "can institute an entirely new and constitutionally correct procedure to remove him." *Johnson*, 50 F.4th at 117 (internal citations omitted).

Given this precedent, the "harmless error" test cannot excuse the Defendants' constitutional violations. The "harmless error" test is generally applied to agency procedural violations, not violations of the Constitution. In *Young v. Dep't of Hous. & Urb. Dev.*, 706 F.3d 1372, 1377 (Fed. Cir. 2013)—a case previously cited and relied upon by Defendants, AR 730, 752—the Federal Circuit explicitly rejected the "harmless error test" for constitutional violations and held that

---

This Court, on the other hand, found that applying the wrong standard of proof violated Trinka's constitutional right to due process. ECF No. 24 at 16 ("Defendants also applied an unconstitutional evidentiary standard…").

"[w]hen [constitutional due process] rights are undermined, [the employee] is entitled to relief regardless of the stage of the proceedings," (internal citations omitted). Defendants now ask this Court to ignore *Young* and apply a "harmless error" test to excuse their disregard of the Constitution. But the "harmless error" test cannot save the unconstitutional 2020 removal action. Supreme Court and Federal Circuit precedent cited herein crystalizes that the Fifth Amendment protects all tenured public employees, not just those who the government deems worthy. Also, unlike adverse actions taken against members of the SES under CSRA authority, the "harmful error" analysis is inapposite to Section 713 actions. *Compare* 5 U.S.C. § 7701(c)(2)(A) ("the agency's decision may not be sustained" by the Merit Systems Protection Board if the employee "shows harmful error in the application of the agency's procedures in arriving at such decision")[3] *with* 38 U.S.C. § 713(b)(6). And while this Court is authorized to apply the similar "rule of prejudicial error" in review of some administrative actions, 5 U.S.C. § 706, it is not authorized to do so for Section 713 actions, 38 U.S.C. § 713(b)(6), or violations of the Fifth Amendment.

## III. POST HOC "AMENDMENTS" CANNOT CURE CONSTITUTIONAL VIOLATIONS.

Because unconstitutional deprivations must be cancelled, Defendants cannot cure their multiple due process violations with after-the-fact paper amendments. Manufacturing an "amended" action that includes new evidence and reasons, omits prior evidence and reasons, and that purportedly applies the correct standard of proof, *years after* Trinka was unconstitutionally removed from the SES in 2020 is no substitute for meaningful due process.[4] It's a charade. The

---

[3] Congress authorized the MSPB to adjudicate allegations of "harmful error," but the MSPB generally declines to weigh in on alleged constitutional questions. *See Elgin v. Dep't of Treasury*, 567 U.S. 1, 16 (2012).

[4] Though the "amended proposal" omitted some evidence and information that was previously attached to the 2020 action, the "amended proposal" and "amended decision" still include evidence

sole purpose of the "amended" action in 2024 was to moot this litigation, not afford Trinka meaningful opportunity to invoke the discretion of the decisionmaker. The Constitution guarantees pre-deprivation procedures. Trinka was terminated in 2020 and never reinstated. He could not prevent in 2024 his termination from being effectuated, because there was nothing to effectuate.

Constitutionally adequate notice and the opportunity to respond must be afforded at a "meaningful time and a meaningful manner." *Armstrong*, 380 U.S. at 552. "Even where the facts are clear … the *only meaningful opportunity* to invoke the discretion of the decisionmaker is likely to be *before the termination takes effect*." *Loudermill*, 470 U.S. at 543 (emphasis added). "The Supreme Court's view that a post-termination opportunity to try to change an employer's mind will be less meaningful is supported by common sense. It will be harder to convince an employer to reverse a decision to fire someone than to make sure the initial decision is fair and thoughtful. Whether that reluctance to change one's mind is based on concerns about appearing indecisive or admitting a mistake, or on logistical reasons or other factors, the reluctance is real." *Carmody v. Bd. of Trustees of Univ. of Illinois*, 747 F.3d 470, 475 (7th Cir. 2014). This "common sense" applies even more so here, given that Defendants also wrongly "applied Section 713 retroactively and in violation of Plaintiff's due process rights," ECF No. 24 at 20, and that "[Trinka] has not been accorded post-termination administrative procedures." *Id.* at 27.[5]

---

and information of Trinka's conduct that predates the enactment of 38 U.S.C. § 713. *See* A.R. 786-951, 958-980.

[5] Trinka reasserts his arguments that Defendants' violated the Due Process Clause by failing to afford him meaningful post-deprivation due process to include an evidentiary hearing. Pl.'s Cross Mot. Summ. J., ECF No. 15 at 31-35. This due process violation is irreparable now, nearly four (4) years after his removal in 2020, and six (6) years after the alleged conduct in 2018. *Loudermill*, 470 U.S. at 547. ("At some point, a delay in the post-termination hearing would become a constitutional violation.").

Contrary to both common sense and Supreme Court precedent, Defendants seek permission to whitewash their constitutional violations with a so-called "amended" action. This Court must reject this charade, just as the Supreme Court previously did. In *Vitarelli v. Seaton,* 359 U.S. 535, 545-46 (1959), the Supreme Court denied the government's attempt to cure a due process violation with a meaningless paper process years after-the-fact without reinstating the employee. The Supreme Court recognized that the "sole purpose [of the amended action] was an attempt to moot petitioner's suit in the District Court," and held that the necessary remedy for the due process violation is retroactive reinstatement and new, correct removal process. *Id.* The Supreme Court subsequently reiterated this holding. *Greene v. United States*, 376 U.S. 149, 162 (1964) ("[W]here the Government has acted without authority in causing the discharge of an employee without providing adequate procedural safeguards, we should be reluctant to conclude that a regulation, not explicitly so requiring, conditions restitution on a retrospective determination of the validity of the substantive reasons for the Government action—reasons which the employee was not afforded an adequate opportunity to meet or rebut at the time of his discharge."). And the D.C. Circuit followed. *Esparraguera*, 101 F.4th at 40 ("Our cases are clear that, absent exigent circumstances not implicated here, the Due Process Clause 'requires, at minimum, that the government provide notice and some kind of hearing *before* final deprivation of a property interest.'") *quoting Propert v. District of Columbia*, 948 F.2d 1327, 1331 (D.C. Cir. 1991) (emphasis in original). This Court must too.

The so-called "amended" action is also contrary to the plain meaning of Section 713. Defendants were required to give Trinka "advance notice of the action and a file containing all evidence in support of the proposed action" while he was still employed. 38 U.S.C. § 713(b)(1). Indeed, the Secretary's authority to take an "action" under Section 713 is limited to *current* SES

employees. 38 U.S.C. §§ 713(a)(1), (d). Trinka was not a SES employee when Defendants manufactured the "amended" action in 2024, and has not been so employed since his unconstitutional removal in 2020. Whatever authority Defendants think exists to allow such a charade, it is not in Section 713 or the Fifth Amendment.

IV. PLAINTIFF'S REASSERTS HIS PRIOR ARGUMENTS.

Defendants' so-called "amended" action is not a Section 713 action. It is a piece of paper manufactured and authored by inferior officers—Deputy Chief Information Officer Nathan Tierney and Principal Deputy Assistant Secretary Dewaine Beard—who are not constitutionally authorized to overrule a prior, final decision made by the Presidential-appointed and Senate-confirmed Secretary. ECF No. 24 at 34 (the Secretary "had the last word" on Trinka's removal in 2020). *See United States v. Arthrex*, 549 U.S. 1 (2021) (giving inferior officers and employees unreviewable authority to make agency-binding decision violates the Appointments Clause); *Helman v. Dep't of Veterans Affs*., 856 F.3d 920, 929 (Fed. Cir. 2017) (granting final employee disciplinary decision-making authority to inferior officers violates the Appointments Clause). The inferior officers' 2024 amendment to the 2020 removal is not even subject to this suit or this Court's jurisdiction.[6] The "amended" action is at worst a charade, and at best Defendants' *post hoc* rationalization and extra-record evidence created solely to try to gain a litigation advantage. It should not be entertained. *Cf. Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) (*citing Burlington Truck Lines, Inc. v. U.S.*, 371 U.S. 156, 168 (1962)) ("the courts may not accept [the government's] *post hoc* rationalizations for agency action"); *Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 549 (1978)

[6] *If* the "amended action" is a Section 713 "action"—it is not—then Trinka may file suit to seek judicial review. Defendants agree, as the "amended decision" says Trinka "may seek judicial review of this action." AR 999. He has not.

("[W]hen there is a contemporaneous explanation of the agency decision, the validity of that action must stand or fall on the propriety of that finding … If that finding is not sustainable on the administrative record made, then the [agency's] decision must be vacated") (internal quotations and citations omitted).

This Court should "set aside" the unconstitutional removal action based on the prior opinion granting summary judgment. ECF No. 24. A second round of summary judgment briefing is unnecessary and duplicative. Neither the facts nor the legal relationship between Trinka and Defendants has changed since his unconstitutional removal in 2020—no matter what new paperwork Defendants manufactured in 2024. Even still, Trinka reasserts both his prior prevailing arguments and the arguments that this Court previously declined to address, including: Defendants failed to provide constitutionally adequate post-deprivation due process and an evidentiary hearing, ECF No.15 at 31-35, the removal action was not in accordance with law, *id.* at 43-50, the removal action was arbitrary and capricious, *id.* at 51-53, and the removal action was not supported by substantial evidence, *id.* at 53-56.

## CONCLUSION

This Court should set aside Trinka's removal from the Senior Executive Service and federal service, and order other appropriate relief.

Date: September 3, 2024

Respectfully submitted,

Christopher J. Keeven #993971
Debra L. Roth #422452
Conor D. Dirks #1022481
Shaw Bransford & Roth P.C.
1100 Connecticut Ave NW, Suite 900
Washington, DC 20036
Tel: 202-463-8400
Fax: 202-833-8082

*Counsel for Plaintiff James Trinka*